FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 1 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JEFFERY HESS )
   Plaintiff, )
)
vs. ) Civil Action No. 1:11CV028BSM
)
)
MONARCH RECOVERY MANAGEMENT, INC. )
   Defendant, )
)

This case assigned to District Judge Miller
and to Magistrate Judge Ray

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Jeffery Hess, an individual consumer, against Defendant, Monarch Recovery Management, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

*II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

*III. PARTIES*

3. Plaintiff, Jeffery Hess is a natural person with a permanent residence 150 Gates Lane, Batesville, Independence County, Arkansas, 72501.

4. Upon Information and belief the Defendant, Monarch Recovery Management, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154. The principal purpose of Defendant is

the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before January 13, 2011.

7. During a phone call on either January 13 or January 14 of 2011 the Plaintiff informed the Defendant that while Plaintiff is a permanent resident and citizen of Arkansas, the Plaintiff is currently a member of the United States Army on active duty and that he, the Plaintiff, is currently stationed at Joint Base Lewis Mccord, Washington and living in Lakewood, Washington.

8. On January 14, 2011, Defendant, in connection with the collection of an alleged debt, attempted to contact the Plaintiff in connection to the alleged debt by placing a phone call to him at 7:47am, Plaintiff's local time.

9. On or after January 21, 2011, Defendant, in connection with the collection of an alleged debt, stated to Plaintiff, "You made an agreement with us."

10. Plaintiff has never made any such statement to Defendant and no agreement between the parties was ever made.

11. On January 21, 2011, Defendant, in connection with the collection of an alleged debt, attempted to contact the Plaintiff in connection to the alleged debt by placing a phone call to him at 7:23am, Plaintiff's local time.

12. On January 21, 2011, Plaintiff requested that all documents and verification of the debt be mailed to him at his current address in Lakewood, Washington. The Defendant responded to this request by indicating that they would not, and then hung up on the Plaintiff.

13. To date the Plaintiff has not received any documentation at his current residence.

## V. *CLAIM FOR RELIEF*

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff before 8 o'clock antemeridian local time at Plaintiff's location; and

   (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that Plaintiff committed a crime or other conduct, in order to disgrace Plaintiff; and

   (e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   (f) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to notify Plaintiff within five days of the initial communication a written communication that including the amount of the alleged debt that Defendant is attempting to collect; and

   (g) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to notify Plaintiff within five days of the initial communication a written communication that including the name of the creditor to whom the alleged debt is owed that Defendant is attempting to collect; and

   (h) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to notify Plaintiff within five days of the initial communication a written communication that including a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant; and

   (i) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to notify Plaintiff within five days of the initial communication a written

      communication that including a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant; and

  (j) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to notify Plaintiff within five days of the initial communication a written communication that including a statement that, upon Plaintiff's written request within the thirty-day period, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, defendant is liable to the Plaintiff, Jeffery Hess, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Monarch Recovery Management Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Jeffery Hess, demands trial by jury in this action.

This 5 day of April, 2011.

ATTORNEY FOR PLAINTIFF
Jeffery Hess

Respectfully submitted,
By:

Kevin J. Buckley, Jr., Esq.
EDAR Bar. No. 674594
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458